Matter of N.V. (Bethsaida C.) (2022 NY Slip Op 01757)





Matter of N.V. (Bethsaida C.)


2022 NY Slip Op 01757


Decided on March 15, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 15, 2022

Before: Webber, J.P., Moulton, Kennedy, Mendez, Pitt, JJ. 


Docket No. N17500/19, N175101/19, N175102/19 Appeal No. 15499-15500 Case No. 2021-00962, 2021-03096 

[*1]In the Matter of N.V. and Others, Children Under Eighteen Years of Age, etc., Bethsaida C., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent, Julio B., Respondent.


Carol L. Kahn, New York, for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Jonathan A. Popolow of counsel), for Administration for Children's Services, respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Raymond E. Rogers of counsel),., attorney for the child for N.V.



Order, Family Court, Bronx County (Ronna H. Gordon-Galchus, J.), entered on or about August 6, 2021, which, after a permanency hearing, continued the kinship foster care placement of the subject child, N.V., until the completion of the next permanency hearing, unanimously affirmed, without costs. Appeal from order of disposition (same court and Judge), entered on or about March 9, 2021, which, following a finding of neglect, temporarily placed the child in the custody of petitioner Administration for Children's Services, residing with the maternal aunt as a kinship foster parent, unanimously dismissed, without costs, as moot, since it has expired by its own terms and been superseded by the subsequent permanency order.
This neglect proceeding arose when the then 13-year-old subject child's stepfather, respondent Julio B., allegedly engaged in an exchange of electronic messages which appeared to involve discussion of soliciting oral sex from her and threats of rape or harm to the mother. When the subject child told the mother about the sexual advances, the mother initially reported it to authorities, but she later accepted the stepfather's claim that the matter was just a "misunderstanding" and declined to exclude him from the family home. Issues of placement are left to the sound discretion of the Family Court, which providently determined that continuing the subject child's placement in kinship foster care was in her best interest (see Matter of Tristram K., 25 AD3d 222, 225 [1st Dept 2005]). On this record, there is no basis to disturb the court's exercise of that discretion. At the time of the order of disposition, respondent stepfather, although he had consented to a finding of neglect without admission pursuant to Family Court Act § 1051(a), had taken very limited responsibility for his conduct and had not begun to participate in a sex offender program, which was a condition of the order. At the time of the permanency hearing, he had not meaningfully engaged in or completed a sex offender program as ordered by the court. Furthermore, the mother had demonstrated little insight into the incident that precipitated this case and led to the subject child's removal in the first instance, claiming not to know the basis of the neglect finding against stepfather and asserting that his conduct toward the subject child had not emotionally harmed the subject child. Thus, it was reasonable for Family Court to have determined that continued placement was in the subject child's best interest because the mother lacked insight into the risk of harm Julio B. posed to the subject child as well as her responsibility, and inability or unwillingness, to protect the subject child from that risk. The court provided for supervised family visitation to facilitate reunification.
We have considered the mother's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 15, 2022